IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-00446-REB-MJW**

JAMES BAILEY and
ALLEN RUSSELL,

Plaintiffs,

v.

SHERMAN AND HOWARD, LLC.,
JACK SILVER,
KENNETH SIEGEL
TAMIRA GOLDSTEIN
DISTRICT COURT JUDGE MARTIN EGGLEHOFF,
WAYNE VADEN,
ANITA DUMAS,
DENVER SHERIFF'S DEPARTMENT, and
THE STATE OF COLORADO,

Defendants.

---

**RECOMMENDATIONS ON DEFENDANTS SHERMAN AND HOWARD, L.L.C., JACK SILVER, KENNETH SIEGEL, AND TAMIR GOLDSTEIN'S MOTION TO DISMISS (Docket No. 12), STATE DEFENDANTS' MOTION TO DISMISS (Docket No. 21), and DEFENDANTS KENNETH SIEGEL, TAMIR GOLDSTEIN, AND SHERMAN & HOWARD, L.L.C.'S MOTION FOR SANCTIONS (INCORPORATING AUTHORITY) (Docket No. 56)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on March 11, 2005. (Docket No. 3).

On March 10, 2005, the pro se plaintiffs filed a "Civil Rights Complaint Under 42 U.S.C.S. [sic] and 28 U.S.C.S. [sic] Requesting Review of the Chief Judge and a Three

Judge Court." (Docket No. 1). Shortly thereafter, on March 16, 2005, plaintiffs filed a document entitled "First Amendment of Right Including the Denver Sheriff's Department as a Defendant/Respondent in Civil Rights Complaint Under 42 U.S.C.S. [sic] §1983 and 28 U.S.C.S.2284 Requesting Review of the Chief Judge and a Three Judge Court." (Docket No. 7). That unsigned document is not in the proper form of an Amended Complaint but instead primarily contains legal arguments that plaintiffs claim are "given in clarification of the Plaintiffs' claims and the assertion of jurisdiction in this court:" (Docket No. 7 at 3). More specifically, plaintiffs contend therein that they are not barred by the doctrine of judicial immunity or the "*FELDMAN-ROOKER"* doctrine. (Docket No. 7 at 3). Furthermore, while it appears from that document that the plaintiffs intended to add the Denver Sheriff's Department as a defendant, plaintiffs have not filed proof of service on the Sheriff's Department. Plaintiffs have also failed to file returns of service indicating that the remaining two defendants, Wayne Vaden and Anita Dumas, were served.

In their original pleading, which is not a model of clarity, the pro se plaintiffs assert that "**[t]he procedural history of the state court proceedings giving rise to this Complaint are all that is at issue here**." (Compl. at 2, ¶ 2) (emphasis added). Those state court proceedings were foreclosure proceedings concerning real estate owned by plaintiff Bailey. In a nutshell, as stated previously by Judge Blackburn in an Order Denying Plaintiffs' Motion for TRO and Preliminary Injunction (Docket No. 5), the plaintiffs dispute the propriety of the procedures used in the foreclosure proceedings and contend that a trustee's deed issued in the foreclosure proceedings is invalid. On

March 8, 2005, defendant Judge Martin Egelhoff, one of the judges of the District Court, City and County of Denver, Colorado, issued a Writ of Restitution concerning the property which directs that plaintiff Russell and all other persons in possession of the property be dispossessed, and that FC Mortgage, Inc., be restored to possession.

Here, plaintiffs assert that Judge Egelhoff lacked jurisdiction over the parties or subject matter when he "gave full faith and credit to a void Trustee's Deed, knowingly and fraudulently presented by Tamira Goldstein, Jack Silver, Thomas Lutes, Kenneth Siegel and the law firm of Sherman and Howard, LLC." (Compl. at 5, ¶ 5). Plaintiffs further contend that Judge Egelhoff "precluded any testimony or evidence in general objecting to the lawful validity of the forged device in violation of the Plaintiffs' right to due process as protected by the 14th Amendment to the Federal Constitution." (Compl. at 5, ¶ 6) (footnote omitted).

More specifically, under a section entitled "SPECIFIC ALLEGATIONS AND STATEMENT OF JURISDICTION," plaintiffs assert the following:

1. The systemic and pervasive change of abuses occurring in the District Court for the City and County of Denver may warrant (1) an exercise of the supervisory authority of the federal government; (2) certification of a class action; (3) A Consent Decree upon which future operations of the District Court and The Public Trustee Office will and must abide; (4) review under an Act of the United States Congress [42 U.S.C.S. §1983] by a three judge court under the provisions of 28 U.S.C.S. §2284.

2. The Honorable Judge Martin Egglehoff [sic] ("Judge Egglehoff" [sic]) is a sitting judge of the State District Court. As such, this suit does not seek monetary damages against such party but declaratory relief and injunction of Order rendered in excess of his judicial authority. To Wit: the 'Writ of Restitution' issued on March 8, 2005 and 'Findings, Order of Possession, and Judgment', also

issued on March 8, 2005.

3. That Judge Egglehoff [sic] issued these judgments knowing that the same questions were pending in an action for federal injunction in the United States District Court in contempt of those proceedings.

4. That Judge Egglehoff [sic] issued these judgments without jurisdiction knowing that the same questions were pending in an action for federal injunction in the United States District Court in an attempt to obstruct justice and alter the status quote [sic] of the property in order to give Plaintiffs' federal claims the appearance of mootness and the absence of present controversy. The same in violation of 42 U.S.C.S. [sic] § 1983.

5. That Judge Egglehoff [sic] issued such judgment in violation of [plaintiffs'] right to be heard and defense the allegations in violation of the 14th amendment's due process clause. The same in violation of 42 U.S.C.S. [sic] §1983.

6. That Judge Egglehoff [sic] gave full faith and credit to a void instrument in the form of a Public Trustee's Deed issued in want of jurisdiction, and in contravention of Plaintiffs' rights to due process of law. The same in violation of 42 U.S.C.S. [sic] §1983. . . .

7. That Judge Egglehoff [sic] denied gave [sic] full faith and credit to the Colorado Solders [sic] and Sailors Act, CRCP 120 et seq. by validating a void instrument in the form of a Public Trustee's Deed issued in want of jurisdiction, and in contravention of Plaintiffs' rights to due process of law and Article IV, §1 of the United States Constitution. The same in violation of 42 U.S.C.S. §1983. . . .

8. That Kenneth Siegel, Tamir Goldstein, Jack Silver and the Law firm of Sherman and Howard, LLC. knowingly procured and presented for enforcement a fraudulent device. The same being the proximate cause of Plaintiffs' lost [sic] of property.

9. That Kenneth Siegel, Tamir Goldstein, Jack Silver and the Law firm of Sherman and Howard, LLC. knowingly presented for enforcement in a court of law without subject matter jurisdiction a fraudulent device. And further gave knowing false testament to it [sic] validity in open court. The same being the proximate cause of Plaintiffs' lost [sic] of property.

10. That Kenneth Siegel, Tamir Goldstein, Jack Silver and the Law firm of Sherman and Howard LLC. knowingly procured and presented for enforcement a fraudulent device. And acquire such instrument during the knowing pendency of a motion for federal injunction in and [sic] effort to obstruct the federal proceedings and unlawfully alter the status quote [sic] of the property to create the appearance of mootness and the lack of current controversy. The same being the proximate cause of plaintiffs' lost [sic] of property.

11. That Wayne Vaden and Anita Dumas of the Denver Public Trustee's Office, during the pendency of a motion for federal injunction, issued void deeds, including the one specified herein, in violation of the Plaintiffs' right to due process and equal protection of the law. The same in violation of 42 U.S.C.S. [sic] § 1983.

(Compl. at 7-9) (footnote omitted). Except as to defendant Egelhoff, plaintiffs seek unspecified monetary damages, including punitive damages. (Compl. at 9). In addition, plaintiffs seek declaratory and injunctive relief. (Compl. at 9).

On March 14, 2005, plaintiffs moved for a temporary restraining order and/or preliminary injunction restraining and/or enjoining non-party Denver Sheriff's Department from executing the Writ of Restitution signed by Judge Egelhoff on March 8, 2005. (Docket No. 6). By Order filed that same day, Judge Blackburn denied the plaintiffs' motion (Docket No. 8). One of the bases for the ruling was the Rooker-Feldman doctrine. Judge Blackburn stated in his Order:

> Second, and equiponderantly, the relief requested by the plaintiffs in their motion for TRO and preliminary injunction (and possibly this case as a whole) appears to be subject to the bar imposed by the **Rooker-Feldman** doctrine. Under 28 U.S.C. § 1257, federal review of state court judgments can be obtained only in the United States Supreme Court. This principle, judicially recognized as the **Rooker-Feldman** doctrine, is a bar to the exercise of jurisdiction by the inferior federal courts over claims that would undermine or disturb existing state court judicial determinations or judgments. The **Rooker-Feldman** doctrine prohibits "a

> party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. **Kiowa Indian Tribe v. Hoover**, 150 F.3d 1163, 1169 (10th Cir. 1998), quoting **Johnson v. De Grandy**, 512 U.S. 997, 1005-06, 114 S.Ct. 1647, 129 L.Ed.2d 775 (1994)." **Crutchfield v. Countrywide Home Loans**, 389 F.3d 1144, 1147 (10th Cir. 2004). **Rooker-Feldman** prohibits a federal district court from hearing claims either actually decided by a state court, or claims inextricably intertwined with a prior state court ruling or judgment. **Crutchfield**, 389 F.3d at 1147. A federal claim is inextricably intertwined with a state court claim if relief requested in the federal claim would overrule the state court's ruling. **Kenman Engineering v. City of Union**, 314 f.3d 468, 477 (10th Cir. 2002). Inferior federal courts must dismiss claims pursuant to **Rooker-Feldman** even when the inextricably intertwined issues underlying the claims before it were not raised in state court, if such claims could have been raised in the course of the state proceedings. **Feldman**, 460 U.S. at 483 n. 16.
>
> Here, plaintiffs seek to bar enforcement of an order or orders entered by a state court. In essence, they seek to have this court review and overrule a ruling by Judge Egglehoff [sic], a judge sitting on the District Court, City and County of Denver, Colorado. If I grant the relief sought by plaintiffs, I would effectively overrule the Writ of Restitution entered in state court. Under **Rooker-Feldman**, I lack jurisdiction to grant such relief.

(Docket No. 8 at 2-3) (footnote omitted) (emphasis added by underscore).

Now before the court are two dispositive motions, namely, (1) Defendants Sherman and Howard, L.L.C., Jack Silver, Kenneth Siegel, and Tamir Goldstein's (hereinafter "the law firm defendants") Motion to Dismiss, which was filed on March 29, 2005 (Docket No. 12), and (2) the State Defendants' [State of Colorado and Denver District Court Judge Martin F. Egelhoff] Motion to Dismiss, which was filed on April 15, 2005 (Docket No. 21). Plaintiffs filed a response to each of the two motions (Docket

Nos. 33 and 39),[1] and replies were then filed by the moving defendants (Docket Nos. 45, 53, and 55). Also before the court is the law firm defendants' Motion for Sanctions (Incorporating Authority) which was filed on September 7, 2005 (Docket No. 56). The plaintiffs filed an untimely response to that motion on October 24, 2005 (Docket No. 63), and the law firm defendants filed a Reply on November 3, 2005 (Docket No. 66).

The court now being fully informed makes the following findings, conclusions, and recommendations that the motions be granted, the Complaint be dismissed with prejudice as to all of the named defendants, and sanctions be imposed on the plaintiffs.

**MOTIONS TO DISMISS**

In their motion to dismiss, the law firm defendants assert that the Complaint "is the latest and fifth groundless action filed by Plaintiffs in state and federal courts related to a loan made to Mr. Russell by FC Mortgage, Inc. ('FC') that was secured by property at 2801 Downing Street, Denver, Colorado (the 'Property'). Mr. Russell and his associate, Mr. Bailey, have bounced between state and federal court as successive courts have dismissed their frivolous claims. This action, like Plaintiffs' earlier claims, has no merit and should be dismissed." (Docket No. 12 at 2). The law firm defendants then summarize what they characterize as the significant procedural history of the plaintiffs' four previous actions in state and federal court related to the property, which need not be repeated herein. They then assert that the plaintiffs' claims are barred by the Rooker-Feldman doctrine, the claims are barred under the doctrines of *res judicata* and collateral estoppel, and the plaintiffs have falsely accused Mr. Goldstein of

[1] Plaintiffs' response, however, to the State Defendants' motion was untimely.

providing false information to Judge Egelhoff.

In response, the plaintiffs deny the applicability of the Rooker-Feldman doctrine, contend that the "doctrine of res judicata does not apply to a void judgment, render in a proceeding by a court without subject matter jurisdiction," and claim that they have accurately recited the procedural history of both their state and federal court actions.

In their motion, the State defendants assert that (1) the Eleventh Amendment bars all claims against the State of Colorado and Judge Egelhoff; (2) the Rooker-Feldman doctrine bars plaintiffs' claim; (3) the Amended Complaint fails to state a claim upon which relief can be granted against the State of Colorado and Judge Egelhoff because the State is not a "person" within the meaning of 42 U.S.C. § 1983, Judge Egelhoff is entitled to absolute immunity, and Judge Egelhoff is entitled to qualified immunity; (4) this court should abstain from hearing plaintiffs' claim under the Younger abstention doctrine; and (5) the plaintiffs cannot satisfy the requirements of 28 U.S.C. § 2284 for a three-judge panel review. In their Reply, the State defendants correctly assert that the plaintiffs' response to their motion fails to address any of the legal arguments raised by the State defendants.

This court recommends dismissal of this action based upon the Rooker-Feldman doctrine.[2] " "Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was

---

[2]The *Rooker-Feldman* doctrine stems from the decisions in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

unconstitutional. Review of those decisions may be had only in [the United States Supreme] Court. . . . The doctrine 'prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" Jackson v. Peters, 2003 WL 22664679, *3 (10th Cir. Nov. 12, 2003) (internal quotation marks omitted) (quoting Johnson v. Rodrigues (Orozco), 226 F.3d 1103, 1108 (10th Cir. 2000); Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002)). "This is true even when 'those challenges allege that the state court's action was unconstitutional.'" Cory v. Fahlstrom, 2003 WL 22664680 (10th Cir. Nov. 12, 2003) (quoting Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986)), cert. denied, 541 U.S. 973 (2004). "A claim is 'inextricably intertwined' with a prior state court judgment if 'the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*." Barnett v. Colorado, 2003 WL 22321478, *2 (10th Cir. Oct. 10, 2003), cert. denied, 125 S. Ct. 54 (2004).

When ruling on the plaintiffs' motion for injunctive relief, Judge Blackburn stated that "the relief requested by the plaintiffs in their motion for TRO and preliminary injunction (and possibly this case as a whole) appears to be subject to the bar imposed by the **Rooker-Feldman** doctrine." (Docket No. 8 at 2) (emphasis added). Judge Blackburn found in that ruling that the plaintiffs here "[i]n essence . . . seek to have this court review and overrule a ruling by Judge Egglehoff [sic], a judge sitting on the District Court, City and County of Denver, Colorado. If I grant the relief sought by plaintiffs, I would effectively overrule the Writ of Restitution entered in state court. Under **Rooker-Feldman**, I lack jurisdiction to grant such relief." (Docket No. 8 at 2-3).

Having reviewed the plaintiffs' Complaint, as amended, and the motion papers, responses, and replies, this court likewise finds that the court lacks jurisdiction over the plaintiffs' claims.

It is readily apparent that the plaintiffs are challenging Judge Egelhoff's Writ of Restitution and that the plaintiffs' other claims are inextricably intertwined with that order. They contend in their Complaint that Judge Egelhoff lacked jurisdiction over the parties or subject matter, precluded certain testimony or evidence, acted in contempt of pending federal court proceedings, and violated their constitutional rights. In addition, they allege that the law firm defendants "knowingly procured and presented the trustee's deed for enforcement and gave false testimony before Judge Egglehoff [sic] while knowing that a federal action was pending in federal court, all of which was purportedly the proximate cause of the plaintiffs losing their property." (Compl. at 8). Plaintiffs also contend in their pleading that Wayne Vaden and Anita Dumas of the Denver Public Trustee's Office, during the pendency of a motion for injunctive relief in federal court, issued a void deed, which violated the plaintiffs' rights to due process and equal protection of the law. Furthermore, in their Complaint the plaintiffs specifically seek "declaratory relief and injunction of Order rendered in excess of [Judge Egelhoff's] judicial authority. To Wit: the 'Writ of Restitution' issued on March 8, 2005 and 'Findings, Order of Possession, and Judgment', also issued on March 8, 2005." (Compl. at 7, ¶ 2).

Some of the plaintiffs' statements in their pleading and in their responses to the motions are also particularly telling. For example, plaintiffs state in their Complaint that

"[t]he procedural history of the state court proceedings giving rise to this Complaint are all that is at issue here." (Compl. at 2). In addition, in their Response to the State defendants' motion to dismiss, the plaintiffs state that they "are in federal court simply because they can not trust the state court. The Public can not trust the state court and nor can the public record be relied upon. . . . The recorded breaches of Constitutional protection, corrupt database, the failure to conduct required hearings, is much bigger than this matter before the court. For that reason, the exercise of the supervisory authority of this court is compelled by law." (Docket No. 39 at 8). This court agrees with the State Defendants when they state in their Reply (Docket No. 45) that "[i]n other words, Plaintiffs seek redress in federal court rather than pursuing proper avenues of state appellate relief because they do not trust the state system. Yet, the Rooker-Feldman doctrine precludes precisely this kind of review."

Based upon the findings above, the court finds it unnecessary to address the additional bases for dismissal raised in the two motions to dismiss.

**SANCTIONS**

The law firm defendants also move for the court to impose sanctions on the plaintiffs under Fed. R. Civ. P. 11 and 28 U.S.C. §§ 1927 and 1651. More specifically, pursuant to Rule 11, they seek dismissal of the Complaint with prejudice and an award of reasonable expenses and attorney fees incurred in defending against the plaintiffs' frivolous complaint and presenting the motion for sanctions. In addition, they seek a court order enjoining the plaintiffs from filing future actions against them, subject to the court's restrictions, in accordance with the court's inherent powers under 28 U.S.C. §

1651.

Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an . . . unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). Rule 11(c), which concerns sanctions, provides in relevant part:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the . . . parties that have violated subdivision (b) or are responsible for the violation. . . .

Fed. R. Civ. P. 11(c). Rule 11(c)(1)(2) concerns the limitations on the nature of the sanction imposed and provides in pertinent part:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. . . . [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into the court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. . . .

Fed. R. Civ. P. 11(c)(1)(2).

The law firm defendants followed the safe harbor provisions of Rule 11(c)(1)(A) and D.C.COLO.LCivR 7.1(A) by requesting that the plaintiffs withdraw their frivolous claims, but the plaintiffs refused to do so. In their motion, these defendants assert:

> Plaintiffs' Complaint is one of many frivolous and groundless actions filed by Plaintiffs in state and federal court. This case is in fact the fifth action filed by Plaintiffs related to a loan made to Mr. Russell by FC Mortgage, Inc. ("FC") that was secured by property at 2801 Downing Street, Denver, Colorado (the "Property"). In each successive action, Plaintiffs add as defendants any one who crossed their path, including attorneys and judges. Plaintiffs have bounced between state and federal court as each have dismissed their frivolous claims. In light of Plaintiffs' history of frivolous and vexatious litigation, including this case, the Court should sanction the Plaintiffs and enjoin them from filing future actions against Sherman Defendants.

(Docket No. 56 at 2).

"Parties who file law suits on a *pro se* basis must comply with the provisions of Rule 11, the same as if they were lawyers. . . . If the court finds that a *pro se* party has signed a pleading in violation of Rule 11, the court 'may . . . impose an appropriate sanction' upon that party." Clements v. Miller, 2005 WL 2085497 (D. Colo. Aug. 29, 2005) (citations omitted). "*Pro se* parties are entitled to have their pleadings reviewed with some measure of liberal deference accorded to their status as *pro se* parties. However, this liberal deference 'does not confer a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" Id. (citations omitted). "Even though *pro se* litigants may not have the training and resources of an attorney, they nevertheless must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and

warranted by existing law." Id. (citations omitted). The actions of *pro se* parties are required to be "objectively reasonable." Id. "The standard is one of reasonableness under the circumstances. Under this standard, the court must determine what a reasonable person in the *pro se* litigant's position would have done. '[S]ubjective good faith–that is, a pure heart but empty head-is no defense.'" Id.

When they served their Rule 11(c) safe harbor letter on the plaintiffs, the law firm defendants warned the plaintiffs that their claims were frivolous. Despite this letter, as well as Judge Blackburn's statement in his earlier order (regarding plaintiffs' request for injunctive relief) that possibly this case as a whole appeared to be subject to the bar imposed by the **Rooker-Feldman** doctrine and a ruling by Judge Marcia Krieger in another action that plaintiffs' claims there were likewise barred,[3] the plaintiffs refused to withdraw their claims.

---

[3]In the case of Tyrone W. Allen, James Bailey, and Allen Russell v. District Court Magistrate Diana Johnson Dupree and The State of Colorado, Civil Action No. 04-cv-02055-MSK-OES, Judge Krieger issued an Opinion and Order Granting Motion to Dismiss on September 27, 2005. In that Order, Judge Krieger found, *inter alia*, that "[c]learly the injury sought to be redressed by the Plaintiffs arises directly from Defendant Dupree's order authorizing the foreclosure sales of their properties. Thus, the Plaintiffs['] claims relate to a state court judgment and are barred from consideration in this Court by *Rooker-Feldman."* (Docket No. 85 at 9 in case no. 04-cv-02055-MSK-OES). Judge Krieger noted in her decision that "the record does not reflect that the Plaintiffs lacked a reasonable opportunity to litigate their claims of constitutional violations in state court. . . . [T]here are at least two avenues by which a party aggrieved by a Rule 120(d) order may obtain review of that decision. Indeed, the Plaintiffs availed themselves of some of these mechanisms, albeit unsuccessfully." (Docket No. 85 at 10).

Surprisingly, plaintiffs attached a copy of Judge Krieger's ruling to their response to defendants' motion for sanctions and amazingly assert that it verifies their contention that they have brought the instant claim in good faith.

The court finds that Rule 11(b) was violated by plaintiffs in this action. The court concludes that plaintiffs' claims in their Complaint, as amended, and arguments in their responsive papers are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Consequently, the court recommends that sanctions be imposed upon plaintiffs pursuant to Rule 11.

"In determining the amount of a monetary sanction, the court must consider the reasonableness of any attorneys fees that are sought; the minimum sanction award that will serve to deter future misconduct; the offender's ability to pay; and any other factors that are appropriate under the circumstances of the case, including 'the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, [and] the risk of chilling the type of litigation involved. . . . ." Clements, 2005 WL 2085497 (citations omitted). In considering these factors, this court notes that the moving defendants have not stated a specific amount of attorney fees sought as sanctions. In addition, while the plaintiffs did not seek *in forma pauperis* status and instead paid the full filing fee, this action centers around a foreclosure, so there may very well be a question as to the plaintiffs' ability to pay a substantial financial sanction. This court recommends the imposition of a financial sanction on the plaintiffs to deter future misconduct in an amount to be determined following the submission by the moving defendants of an affidavit regarding the reasonable attorney fees and costs sought and permitting the plaintiffs to then file a timely response thereto and the defendants to file a reply.

In addition, given the procedural history of the plaintiffs' baseless litigation concerning the foreclosure and subject property, which is outlined in the defendants' moving papers, it is further recommended that an Order Requiring Pre-Filing Review be issued which directs that the plaintiffs, and any alter egos, are enjoined from filing future actions in this court regarding the foreclosure, the subject property, and related actions unless they comply with certain prerequisites. More specifically, it is recommended that an Order be issued directing the following:[4]

(1) that the Clerk of the Court be directed not to accept a complaint or other paper initiating a civil action from the plaintiffs, or any alter egos of the plaintiffs, until they have paid in full any and all sanctions imposed by the judges of the United States District Court for the District of Colorado;

(2) that the Clerk of the Court be directed not to accept a complaint or other paper initiating a civil action from the plaintiffs, or any alter egos of the plaintiffs, unless plaintiffs are represented by an attorney licensed to practice in the State of Colorado and admitted to practice in this court or unless plaintiff have first obtained leave of this court to file the action *pro se* pursuant to the procedure described below;

(3) that as a prerequisite to filing a *pro se* complaint or other initiating document, the plaintiffs must tender three documents:

(a) a petition entitled "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action," attached to which must be a copy of the Order Requiring Pre-Filing

---

[4]A similar Order was issued in Hughes v. Maximus, Civil Action No. 00-WM-1167 (D. Colo. Oct. 18, 2000).

Review;

(b) an affidavit in proper legal form as directed below; and

(c) a copy of the complaint or other paper sought to be filed in this district;

(4) that the Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action be required to contain the following information:

(a) a statement advising the court whether any defendant to the lawsuit was a party to, or was any in way involved in, any prior lawsuit involving the plaintiffs, and if so, in what capacity;

(b) a list of all lawsuits in the United States District Court for the District of Colorado, the United States Court of Appeals for the Tenth Circuit, the United States Supreme Court, and state courts in which plaintiffs were or are a party, stating the name and citation of each case and identifying the jurisdiction, plaintiffs' involvement in each lawsuit, the status of each lawsuit, and its disposition;

(c) a list of all federal or state cases in which a judgment was rendered against plaintiffs, if any, stating the name and citation of each case; the amount of judgment rendered against each plaintiff, if any; the amount of the judgment that remains outstanding; and the reasons why the judgment remains outstanding; (d) a listing specifically identifying any procedural or monetary sanctions, assessment of attorneys' fees, contempt orders, or jail sentences arising out of a civil prosecution imposed against any plaintiff by any court, including all appellate courts, if any, stating the name and citation of each case, a brief statement explaining the sanctions, attorney fees, contempt order, or jail sentence imposed, if any; the type or amount of sanctions; the

outstanding amount of monetary sanctions or attorneys fees, if any; the status of the sanctions or contempt orders, if any; and their disposition;

(5) that the affidavit be required to be in proper legal form and to contain the following recitals: (a) that the claim or claims plaintiffs wish to present never before have been raised by them and disposed of by any federal or state court; (b) that to the best of plaintiffs' knowledge the claim or claims are not frivolous or taken in bad faith, that the claim or claims are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; that the lawsuit is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation (see Fed. R. Civ. P. 11); and (c) that the claim or claims are not meant to harass any individual entity;

(6) that the tendered complaint or other paper sought to be filed in this district be required to comply with the Order Requiring Pre-Filing Review, Fed. R. Civ. P. 8, all other provisions contained in the Federal Rules of Civil Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado;

(7) that the procedure for review of plaintiffs' intended filings would be as follows:

(a) when the plaintiff(s) submit a Petition for Leave to File a *Pro Se* Action pursuant to the Order Requiring Pre-Filing Review, the Clerk of the Court, or designated deputies, would accept the documents, mark them received, and immediately forward them to a Judicial Officer;

(b) the Judicial Officer could then order (or in the case of a Magistrate Judge,

recommend) approval or disapproval of the Petition after considering, without limitation, the following: (1) whether plaintiffs have complied with the Order Requiring Pre-Filing Review in all particulars; (2) whether plaintiffs' tendered complaint or other paper complies with the Federal Rules of Civil Procedure and Local Rules of Practice; (3) whether the complaint or other paper is frivolous, abusive, harassing, or malicious; (4) whether the claims raised in the plaintiffs' complaint or other paper have been raised by them and disposed of by any federal or state court; (5) whether there has been full compliance with Fed. R. Civ. P. 11 and all complaints or other papers and filings are not violative of 28 U.S.C. § 1927; (6) whether the complaint or other paper alleges claims against individuals or entities that may have immunity from suits; and (7) such other reasonable requirements established by the court or Judicial Officer.

(c) that failure to comply with the procedures and principles mandated by the Order Requiring Pre-Filing Review would be sufficient grounds for denying the petition for leave to file;

(d) that the District Judge may order (or the Magistrate Judge may recommend) disapproval of the Petition upon false recitals in the documents. Upon false recitals in the documents, plaintiffs may be considered in violation of the Order Requiring Pre-Filing Review, and they may be subject to other orders of the court, including appropriate sanctions.

(8) that if the court enters an order granting the Petition, the Clerk of the Court shall cause the complaint or other paper and materials to be filed *nunc pro tunc* to the date the documents were tendered.

**UNSERVED DEFENDANTS**

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant and direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). This action was commenced over nine months ago on March 10, 2005, yet there has been no proof of service indicating that defendants Wayne Vaden, Anita Dumas, and the Denver Sheriff's Department have been served. Ordinarily this court would recommend dismissal as against these three defendants pursuant to Rule 4(m) unless plaintiffs could show good cause for their failure to serve them. However, based upon the finding above that this court lacks jurisdiction over the plaintiffs' claims, it is recommended that the Complaint, as amended, be dismissed as against all of the named defendants, including Vaden, Dumas, and the Denver Sheriff's Department.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants Sherman and Howard, L.L.C., Jack Silver, Kenneth Siegel, and Tamir Goldstein's Motion to Dismiss which was filed on March 29, 2005 (Docket No. 12), be granted. It is further

**RECOMMENDED** that the State Defendants' [State of Colorado and Denver District Court Judge Martin F. Egelhoff] Motion to Dismiss, which was filed on April 15, 2005 (Docket No. 21), be granted. It is further

**RECOMMENDED** that this action be dismissed with prejudice as against all

named defendants, including the unserved defendants, Wayne Vaden, Anita Dumas, and the Denver Sheriff's Department. It is further

**RECOMMENDED** Defendants Kenneth Siegel, Tamir Goldstein, and Sherman and Howard, L.L.C.'s Motion for Sanctions (Incorporating Authority), which was filed on September 7, 2005 (Docket No. 56), be granted, and that (1) financial sanctions be imposed, in an amount to be determined following the submission by the moving defendants of an affidavit regarding the reasonable attorney fees and costs sought, a response by the plaintiffs, and a reply by the moving defendants and (2) the court issue an Order Requiring Pre-Filing Review as outlined in the text above.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: December 15, 2005
Denver, Colorado

s/Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge