## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Civil Case No. 05-cv-00446-REB-MJW

JAMES BAILEY, and
ALLEN RUSSELL,

    Plaintiffs,

v.

SHERMAN AND HOWARD, LLC,
JACK SILVER,
KENNETH SIEGEL,
TAMIR GOLDSTEIN,
DISTRICT COURT JUDGE MARTIN EGGLEHOFF,
WAYNE VADEN,
ANITA DUMAS,
DENVER SHERIFF'S DEPARTMENT, and
THE STATE OF COLORADO,

    Defendants.

## ORDER RE: RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matter before me is **Plaintiffs' Objections and Opposition to the Recommendation of the U.S. Magistrate Judge Michael J. Watanabe** [#72], filed January 5, 2005. The recommendation pertains to three pending motions: (1) **Defendants Sherman and Howard, L.L.C., Jack Silver, Kenneth Siegel, and Tamir Goldstein's Motion to Dismiss** [#12], filed March 29, 2005; (2) **State Defendants' Motion to Dismiss** [#21], filed April 15, 2005; and (3) **Defendants Kenneth Siegel, Tamir Goldstein, and Sherman and Howard, L.L.C.'s Motion for Sanctions**

**(Incorporating Authority)** [#56], filed September 7, 2005.  The magistrate judge has recommended that this case be dismissed for lack of subject matter jurisdiction, that monetary sanctions be imposed against plaintiffs, and that plaintiffs be required to submit any further proposed pleadings regarding the transaction giving rise to this lawsuit to pre-filing review.  I overrule the objections with respect to dismissal, but sustain them with respect to the recommendation on the motion for sanctions.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  In addition, because plaintiffs are proceeding *pro se*, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The recommendation with respect to defendants' motions to dismiss is detailed and well-reasoned.  None of the objections to that portion of the recommendation has merit.  Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge with respect to the disposition of the motions to dismiss should be approved and adopted.  In addition, I approve and adopt the magistrate judge's recommendation that the case be dismissed against both the served and unserved defendants.

With respect to the motion for sanctions, the magistrate judge concluded that plaintiffs filed their complaint without a good faith belief formed after reasonable inquiry

that "the claims . . . therein [were] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," in violation of Fed.R.Civ.P. 11(b)(2).  Rule 11, which applies to *pro se* litigants, **Clements v. Miller**, 2005 WL 2085497 at *5 (D. Colo. Aug. 29, 2005), is judged by a standard of objective reasonableness under all the circumstances.  **White v. General Motors Corp.**, 908 F.2d 675, 680 (10th Cir. 1990); *see also Clements*, 2005 WL 2085497 at *6.

Given this standard, I cannot agree with the magistrate judge that plaintiffs, as *pro se* litigants, had no reasonable basis for their resistance to defendants' attempts at dismissal.  It appears clear from plaintiffs' response to defendants' motions to dismiss that plaintiffs had read the seminal cases underlying the doctrine, from which they gleaned the notion, not unadvisedly, that the **Rooker-Feldman** doctrine could not bar a claim when the underlying state court judgment was rendered in the absence of a meaningful opportunity to participate in the proceedings.  (*See* Plf. Resp. to Motion to Dismiss at 9 [#33], filed May 11, 2005.)  Although ultimately this conclusion is incorrect as a matter of fact, in as much as plaintiffs did receive an opportunity to be heard in the state court proceedings (*see Allen et al. v. Dupree et al.*, Civil Case No. 04-cv-02055-MSK-OES, Opinion and Order Granting Motion to Dismiss at 11 [#85], filed September 27, 2005), I cannot find that plaintiffs' reliance on that argument constituted a violation of Rule 11.  Accordingly, I sustain the objection to the magistrate judge's recommendation that sanctions be imposed under Rule 11.

Moreover, I find that sanctions pursuant to 28 U.S.C. § 1927, requested in defendants' motion in the alternative, are not warranted either.  The Tenth Circuit has yet to determine whether section 1927 sanctions may be imposed against *pro se* litigants and, given the conflict in the circuits over the issue, has counseled courts to instead "'look elsewhere for authority rather than choose sides unnecessarily.'" ***Ayala v. Holmes***, 29 Fed. Appx. 548, 550-51 (10th Cir. 2002) (quoting ***Alexander v. United States***, 121 F.3d 312, 316 (7th Cir.1997)).[1]  Although such authority can be found in 42 U.S.C. § 1988(b), an award of attorney's fees against a *pro se* litigant under that statute is extremely rare, and may be made only if the suit was frivolous, vexatious, or brought to harass or embarrass.  *Id.* at 551.  I simply do not believe that plaintiffs' litigation conduct, although certainly vigorous and perhaps ill-advised, has yet reached that level.

Which is not to say that plaintiffs are not precariously close to the edge of that precipice.  Plaintiffs have been told plainly by the state court that their claims are barred by both *res judicata* and claim preclusion.  (***See*** Motion for Sanctions App., Exh. G.)  They have now been informed by both Judge Krieger and me that any attempt to seek a *de facto* appeal of a state court's decision in the federal district court will not be

---

[1] Defendants' citation to this case in support of the proposition that the court may award attorney's fees against a *pro se* litigant pursuant to section 1927 is perplexing at best.  Were I required to "choose sides" on this issue, I likely would be persuaded by the rationale advanced by the Second Circuit, which has concluded that section 1927 does not authorize awards of attorney's fees and costs against *pro se* litigants.  ***See Sassower v. Field***, 973 F.2d 75, 80 (2d Cir.1992), ***cert. denied***, 113 S.Ct. 1879 (1993); ***see also Kim v. Earthgrains Co.***, 2003 WL 41643 at *1 (N.D. Ill. Jan. 3, 2003).  ***Cf. Wages v. I.R.S.***, 915 F.2d 1230, 1236 (9th Cir. 1990) (citing ***Wood v. Santa Barbara Chamber of Commerce, Inc.***, 699 F.2d 484, 485-86 (9th Cir.1983), ***cert. denied***, 104 S.Ct. 1445 (1984)) (allowing but advancing no rationale in support of award of sanctions under section 1927 against *pro se* litigants), ***cert. denied***, 111 S.Ct. 986 (1991).

4

countenanced pursuant to the mandates of the *Rooker-Feldman* doctrine.  Plaintiffs are hereby advised in the strongest possible terms that any future attempts to continue litigating the facts of the underlying transaction in this lawsuit in federal court may well subject them to an order requiring pre-filing review of the type advocated by the magistrate judge in his recommendation and to condign sanctions.

**THEREFORE, IT IS ORDERED** as follows:

1. That  **Plaintiffs' Objections and Opposition to the Recommendation of the U.S. Magistrate Judge Michael J. Watanabe** [#72], filed January 5, 2005, are **OVERRULED IN PART** and **SUSTAINED IN PART**;

2. That the objections are **OVERRULED** with respect to that portion of the magistrate judge's recommendation that this action be dismissed for lack of subject matter jurisdiction, and that portion of the recommendation is **APPROVED** and **ADOPTED** as an order of this court;

3. That **Defendants Sherman and Howard, L.L.C., Jack Silver, Kenneth Siegel, and Tamir Goldstein's Motion to Dismiss** [#12], filed March 29, 2005, is **GRANTED IN PART** insofar as it seeks dismissal based on lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine;

4. That the **State Defendants' Motion to Dismiss** [#21], filed April 15, 2005, is **GRANTED IN PART** insofar as it seeks dismissal based on lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine;

5. That this case is **DISMISSED WITHOUT PREJUDICE** as against all defendants, served and unserved;

6. That the objections are **SUSTAINED** with respect to that portion of the magistrate judge's recommendation regarding the imposition of sanctions; and

7. That **Defendants Kenneth Siegel, Tamir Goldstein, and Sherman and Howard, L.L.C.'s Motion for Sanctions (Incorporating Authority)** [#56], filed September 7, 2005, is **DENIED**.

Dated January 18, 2006, at Denver, Colorado.

                                          **BY THE COURT:**

                                          **s/ Robert E. Blackburn**
                                          **Robert E. Blackburn**
                                          **United States District Judge**